UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

Lake Charles Division

| | | |
|---|---|---|
| **KELLY PRECHT and**<br>**FLAVIA PRECHT** | * <br> * <br> * | CIVIL ACTION NO: |
| VS. | * <br> * | JUDGE: |
| **COLUMBIA GULF TRANSMISSION,**<br>**LLC** | * <br> * <br> * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * *

NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF
      THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF LOUISIANA

**NOW COMES** Columbia Gulf Transmission, LLC, which removes this action from the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of this Notice of Removal, Columbia submits:

INTRODUCTION

I.

On May 18, 2018, Plaintiffs, Kelly Precht and Flavia Precht, filed a "Petition for Breach of Lease, Trespass and Damages" in the 14th Judicial District Court for the Parish of Calcasieu, in an action entitled *Kelly Precht and Flavia Precht v. Columbia Gulf Transmission, LLC*, No. 2018-2084B.  In accordance with 28 U.S.C. § 1446(a), Columbia attaches a copy of all process, pleadings, and orders served upon it as Exhibit "A."

### THIS NOTICE OF REMOVAL IS TIMELY FILED

**II.**

On June 12, 2018, Columbia's registered agent, Corporation Service Company, was served with process, as evidenced by the service confirmation displayed on the East Baton Rouge Sheriff's Office website, attached hereto as Exhibit "B." Columbia is the only named defendant in Plaintiffs' suit. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(2)(B), as it has been filed in this Court within thirty (30) days of service upon Columbia. No previous application for removal has been made.

### BASIS FOR SUBJECT MATTER JURISDICTION

**III.**

Removal of this suit is proper because it is an action in which this Court has original jurisdiction under 28 U.S.C. § 1332(a), as it is an action between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1441(a).

**IV.**

Plaintiffs herein are two natural persons. In determining diversity jurisdiction, the state where someone establishes his domicile serves as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011). Here, Plaintiffs allege that they are Louisiana domiciliaries. Exhibit A, at p. 1. Thus, taking these allegations as true, Plaintiffs are citizens of **Louisiana**.

**V.**

Defendant Columbia is a limited liability company. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by considering the

citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Its state of organization or principal place of business is irrelevant. *Miller v. Under Armour Retail of Louisiana, LLC*, Civil Action No. 18-cv-0148, 2018 WL 834951, at *1 (W.D. La. Feb. 12, 2018) (citing *Harvey*, 542 F.3d 1077). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). *Tadlock v. Arctic Cats Sales, Inc.*, Civil Action No. 15-766, 2016 WL 9504469, at *6 (M.D. La. Nov. 30, 2016). When partners or members are themselves limited liability companies or limited partnerships, the citizenship must be traced through however many layers of members/partners there may be. *Roy O. Martin Lumber Co., LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, Civil Action No. 2:11-cv-804, 2012 WL 1596715, at *3 (W.D. La. May 4, 2012).

**VI.**

As a limited liability company, Columbia takes on the citizenship of its members. Columbia has only a single member, CPG OpCo LP, a limited partnership. As such, CPG OpCo LP takes on the citizenship of its partners, which is ultimately attributed to Columbia.

**VII.**

The partners of CPG OpCo LP are:

**A.** Columbia Energy Group, a Delaware corporation whose principal place of business is located in Texas. Thus, CPG OpCo LP, through Columbia Energy Group, is considered a citizen of **Delaware** and **Texas**. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

B. Columbia Hardy Corporation, a Delaware corporation whose principal place of business is located in Texas.  Thus, CPG OpCo LP, through Columbia Hardy Corporation, is considered a citizen of **Delaware** and **Texas**.

C. Columbia Pipeline Partners LP, a limited partnership that takes on the citizenship of its partners, which is ultimately attributed to CPG OpCo LP.  The partners of Columbia Pipeline Partners LP are:

1. Columbia Energy Group (see ¶ VII(A)).  Thus, Columbia Pipeline Partners LP, through Columbia Energy Group, is considered a citizen of **Delaware** and **Texas**.

2. Columbia Pipeline Group, Inc., a Delaware corporation whose principal place of business is located in Texas.  Thus, Columbia Pipeline Partners LP, through Columbia Pipeline Group, Inc., is considered a citizen of **Delaware** and **Texas**.

3. CPP GP LLC, a limited liability company that takes on the citizenship of its members, which is ultimately attributed to Columbia Pipeline Partners LP.  The sole member of CPP GP LLC is Columbia Energy Group (see ¶¶ VII(A), (C)(1)).  Thus, CPP GP LLC, through Columbia Energy Group, is considered a citizen of **Delaware** and **Texas**, and, in turn, CPP GP LLC's citizenship is attributed to Columbia Pipeline Partners LP.

D. CPG OpCo GP LLC, a limited liability company that takes on the citizenship of its members, which is ultimately attributed to CPG OpCo LP.  The sole member of CPG OpCo GP LLC is Columbia Pipeline Partners LP (see ¶ VII(C)(1)-(3)).  Thus, CPG OpCo GP LLC, through Columbia Pipeline Partners LP and its partners, is considered a citizen of **Delaware** and **Texas**, and, in turn, CPG OpCo GP LLC's citizenship is attributed to CPG OpCo LP.

**VIII.**

In summary, because each of CPG OpCo LP's partners is a citizen of **Delaware** and **Texas**, CPG OpCo LP is considered a citizen of **Delaware** and **Texas**.  Therefore, Columbia, through its sole member, CPG OpCo LP, is considered a citizen of **Delaware** and **Texas**. Accordingly, complete diversity exists between the parties in this action.

**IX.**

Additionally, while Plaintiffs do not demand a specific amount of damages in their Petition, it is apparent from the face of the Petition that the amount in controversy is likely to exceed $75,000.00.  In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition.  La. Code Civ. Proc. art. 893.  Thus, a defendant seeking to remove the case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy is adequate.  *Felton v. Greyhound Lines, Inc.*, 342 F.3d 771, 773 (5th Cir. 2003).  To satisfy this standard, the removing defendant may support federal jurisdiction either by establishing that it is "facially apparent" that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met.  *Id.* at 773-74.

**X.**

Here, Plaintiffs seek to recover damages that they allegedly suffered due to Columbia's construction of a natural gas pipeline through certain property on which Plaintiffs claim a real right in the form of an agricultural lease.  They assert several theories of liability against Columbia in tort and, ostensibly as a third-party beneficiary to a Right-of-Way Agreement between Columbia and the landowner, the Stone Family, LLC.  Specifically, Plaintiffs purport to be the "farmers/producers of land leased from the Stone Family, LLC, identified as Tract No.

0055.00000-LA-CA_36, Tract No. 0057.00000-LA-CA_36, and Tract No. 0058.00000-LA-CA_36, which is the property subject to the Right-of-Way Agreement between the Stone Family, LLC and [Columbia]." Exhibit A, at p. 2, ¶ 3. Plaintiffs allege that their lease "was made for the purpose of grazing cattle, farming and crawfishing [on the property]...." *Id.* The three tracts of land subject to the lease cover nearly 200 acres in total. As such, Plaintiffs allegedly run a large farming operation.

## XI.

Plaintiffs allege that Columbia "has committed and is continuing to commit a civil trespass on property in which [Plaintiffs] hold a real right in the nature of a farming and grazing lease" by "construct[ing] a pipeline through [Plaintiffs'] leased premises without regard for [Plaintiffs'] crops, constructions and possessions." Petition for Breach of Lease, Trespass and Damages, Exhibit A, at p. 3, ¶¶ 7-8. Plaintiffs claim that they have suffered a litany of pecuniary and non-pecuniary damages as a result of Columbia's actions, including: "(1) Damage to agricultural crops growing on the property; (2) Value of the crop damages for Right of Way and off Right of Way areas; (3) Restoration costs of farm infrastructures; (4) Future crop damage losses; (5) Loss due to changes in crop prices; (6) Loss due to changes in yield per acre; and (7) Loss of crawfish income." *Id.* at p. 3, ¶ 9. Plaintiffs also seek to recover attorneys' fees and court costs. *Id.* at p. 4, ¶ 12. Given the severity of these allegations, coupled with the large size of Plaintiffs' alleged farming operations, the amount in controversy more than likely exceeds $75,000.00, exclusive of interest and costs.

## XII.

Moreover, in their Petition, Plaintiffs reference a series of letters that their counsel sent to Columbia seeking compensation for alleged crop damages. *Id.* at p. 3, ¶ 10. In the last of these

letters, Plaintiffs' counsel enclosed a report prepared by Garber and Associates, LLC, a crop consulting firm, on March 12, 2017, which contained an estimate of Plaintiffs' alleged damages. The report calculated the total amount of Plaintiffs' alleged damages to be $353,601.91, consisting of $311,300.96 and $42,300.95 for crop damages and farm infrastructure restoration costs, respectively. This report clearly establishes that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, the jurisdictional amount required for original jurisdiction in this Court under 28 U.S.C. § 1332(a) is satisfied.

## PROCEDURAL REQUIREMENTS

### XIII.

The United States District Court for the Western District of Louisiana, Lake Charles Division, is the federal judicial district embracing the 14th Judicial District Court for the Parish of Calcasieu, where this suit was originally filed. Therefore, venue is proper in this Court under 28 U.S.C. § 98(a) and 28 U.S.C. § 1441(a).

### XIV.

As stated above, Columbia is the only named defendant in this action. Therefore, no other parties are required to join in or consent to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

### XV.

In accordance with 28 U.S.C. § 1446(d), Columbia will promptly give written notice of filing this Notice of Removal to all adverse parties, and will file a copy of this Notice of Removal with the Clerk of Court for the 14th Judicial District Court for the Parish of Calcasieu. A copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit "C."

## XVI.

If any question arises as to the propriety of the removal of this action, Columbia respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.

## XVII.

Columbia files this Notice of Removal without waiving its right to assert any objections, exceptions, and/or defenses to Plaintiffs' Petition available under state or federal law.

## XVIII.

Columbia reserves the right to supplement and/or amend this Notice of Removal.

**WHEREFORE**, Columbia Gulf Transmission, LLC, prays that this Notice of Removal be deemed sufficient and that this civil action proceed in this Honorable Court.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ Taylor E. Brett*
**MARSHALL A. HEVRON, T.A. (#32501)**
**ROLAND M. VANDENWEGHE (#25283)**
**TAYLOR E. BRETT (#36392)**
701 Poydras St., Suite 4500
New Orleans, Louisiana 70139
Telephone:     (504) 581-3234
Facsimile:     (504) 566-0210
marshall.hevron@arlaw.com
roland.vandenweghe@arlaw.com
taylor.brett@arlaw.com

*and*

**STOCKWELL, SIEVERT, VICCELLIO,
CLEMENT & SHADDOCK, L.L.P.**

**H. ALAN MCCALL (#14191)**
One Lakeside Plaza, 4th Floor
P.O. Box 2900
Lake Charles, Louisiana 70602-2900
Telephone:     (337) 436-9491
Facsimile:     (337) 493-7210; (337) 493-7209
hamccall@ssvcs.com
*Counsel for Columbia Gulf Transmission, LLC*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing *Notice of Removal* has been delivered to all counsel of record via U.S. Mail, e-mail, and/or hand delivery, this 27th day of June, 2018.

*/s/ Taylor E. Brett*
**TAYLOR E. BRETT**