UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KELLY PRECHT AND                 CIVIL ACTION NO. 2:18-cv-00853
FLAVIA PRECHT

VERSUS                           UNASSIGNED DISTRICT JUDGE

COLUMBIA GULF TRANSMISSION,      MAGISTRATE JUDGE HANNA
LLC

## REPORT AND RECOMMENDATION

Pending before the court is the motion to remand, which was filed by the plaintiffs, Kelly Precht and Flavia Precht. (Rec. Doc. 13). The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, it is recommended that the motion be denied.

## Background

The plaintiffs, Kelly Precht and Flavia Precht, alleged in their petition for damages that they lease land from the Stone Family, LLC for the purpose of grazing cattle, farming, and crawfishing. They further alleged that, after their lease was in effect, the Stone Family, LLC executed a right-of-way agreement, covering the same property and permitting Columbia Gulf to construct a pipeline traversing the property. That agreement allegedly required Columbia Gulf to replace and restore

the area disturbed by the laying, construction, operation, replacement, or maintenance of pipelines to a condition as near as practical to the property's original condition and also to pay for any damage to marketable timber, crops, approved fences, and approved tile drains.

The plaintiffs alleged that Columbia Gulf did not enter into a similar right-of-way agreement with them. They further alleged that Columbia Gulf trespassed on the property that they lease and constructed a pipeline through their leased premises without regard for their crops, constructions, or possessions. The plaintiffs further alleged that they sustained damages due to Columbia Gulf's activities including damage to agricultural crops growing on the property, the cost of restoring farm infrastructure, past and future crop damage, losses due to the change in crop prices, losses due to a change in the yield per acre, and loss of crawfish income. The plaintiffs alleged that, despite amicable demand, Columbia Gulf has not honored their leasehold rights. The plaintiffs therefore seek to recover for their pecuniary and nonpecuniary damages plus attorneys' fees and court costs.

## The Contentions of the Parties

This lawsuit was originally filed in the 14th Judicial District Court, Calcasieu Parish, Louisiana, and was removed by the defendant to this forum. The plaintiffs now seek to have the action remanded to state court. In their motion to remand, the plaintiffs argued that Article 5, Section 16(A)(2) of the Louisiana Constitution of

1974 requires that this lawsuit, which they contend presents a claim for the recognition of a real right in property, can only be litigated in a Louisiana state court. The defendant argues, however, that the cited state constitutional provision does not divest this federal court of its subject-matter jurisdiction over this matter under 28 U.S.C. § 1332(a).

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4]  "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant

---

[1]      See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and CVS. Co*., 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co*., 243 F.3d 912, 916 (5th Cir. 2001).

[2]      28 U.S.C. § 1331.

[3]      28 U.S.C. § 1332.

[4]      *Howery v. Allstate*, 243 F.3d at 916.

federalism concerns."[5]  The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[6]

The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[7]  When an action is removed from state court, as this suit was, the removing party must bear the burden of proving that federal jurisdiction exists.[8]  When a motion to remand is filed, the burden remains with the removing party.[9]  Accordingly, the removing defendant in this case – Columbia Gulf – has the burden of establishing "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."[10]  In other words, Columbia Gulf must establish that the amount in controversy exceeds $75,000 and that the parties are

---

[5]    *Carpenter v. Wichita Falls Indep. Sch. Dist*., 44 F.3d 362, 365 (5th Cir. 1995).

[6]    *Gasch v. Hartford Accident & Indem. Co*., 491 F.3d 278, 281–82 (5th Cir. 2007); *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000).

[7]    *Howery v. Allstate Ins. Co*., 243 F.3d at 919; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[8]    *Shearer v. Southwest Service Life Ins. Co*., 516 F.3d 276, 278 (5th Cir. 2008); *Manguno v. Prudential Property and CVS. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir. 1995).

[9]    See, e.g., *Teal Energy USA, Inc. v. GT, Inc*., 369 F.3d 873, 878 n. 16 (5th Cir. 2004); *Village Fair Shopping Center Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir. 1979); *Ray v. Bird & Son & Asset Realization Co*., 519 F.2d 1081, 1082 (5th Cir.1975).

[10]    *Smallwood v. Illinois Central Railroad Co*., 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

diverse in citizenship.[11]    A notice of removal "need not contain evidentiary submissions,"[12] but evidence supporting citizenship allegations and amount-in-controversy allegations are necessary if the court's subject-matter jurisdiction is challenged by a motion to remand.

In its removal notice, Columbia Gulf established that the prerequisites for federal-court jurisdiction under 28 U.S.C. § 1332 are satisfied.  First, it established that the parties are diverse in citizenship.  In their petition for damages, the plaintiffs averred that they are domiciled in Cameron Parish, Louisiana.  As natural persons, the state of their domicile is the state in which they are citizens.[13]  Therefore, they represented that they are Louisiana citizens, and that fact remains undisputed. Columbia Gulf is a limited liability company, which is a citizen of every state in which its members are citizens.[14]  In the removal notice, Columbia Gulf used the appropriate analytical model (which need not be repeated here) and established that it is a citizen of Delaware and Texas.  Accordingly, the parties are diverse.

---

[11]    28 U.S.C. § 1332.

[12]    *Dart Cherokee Basin Operating Co., LLC v. Owens*, ___ U.S. ___, 135 S. Ct. 547, 551 (2014).

[13]    *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[14]    *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Second, Columbia Gulf established in the removal notice that the amount in controversy exceeds the jurisdictional threshold. Although no specific damages amount was set forth in the plaintiffs' petition, as is appropriate under Louisiana law, Columbia Gulf referenced correspondence from the plaintiffs' counsel enclosing a report estimating their damages at a figure in excess of $350,000. Although neither the letter nor the report was submitted along with the removal notice, the plaintiffs did not contest subject-matter jurisdiction on the basis of a failure to satisfy the amount-in-controversy requirement. Accordingly, this Court will accept the reference to the damages estimate report as being an uncontradicted representation by counsel establishing the amount in controversy.

The plaintiffs did not argue in support of their motion to remand that the parties are not diverse in citizenship, they did not argue that the amount in controversy is less than the jurisdictional minimum, and they did not argue that there were any defects or deficiencies in the removal procedure. The only basis on which they objected to removal is their contention that the subject matter of their lawsuit must be tried in a Louisiana state court.

In support of their motion to remand, the plaintiffs relied upon Article 5, Section 16(A)(2) of the Louisiana Constitution, which reads as follows:

> Except as otherwise authorized by this constitution. . . a district court shall have . . . exclusive original jurisdiction. . . of cases involving title to immovable property. . . .

6

The plaintiffs maintain that, because this lawsuit involves the title to immovable property, the litigation must take place in a Louisiana state district court, and the suit cannot be removed to federal court. They argue that the use of the word "exclusive" in the statute means that the suit could not have been filed in federal court to start with. In support of that proposition, they cite *Estilette v. Estilette*, 402 F.Supp. 1078, 1078-79 (W.D. La. 1975). But that was a case in which a wife sued her husband for separation; therefore, there was no basis for federal question jurisdiction or diversity jurisdiction. While the court did say the case could not originally have been instituted in federal court, that case is not analogous to this one and does not support the plaintiffs' motion to remand.

The plaintiffs also cited *Lucas v. Hope*, 515 F.2d 234 (5th Cir. 1975), in support of their argument. But that case was based on Georgia law, not Louisiana law. Therefore, it does not resolve the issue currently before this Court, i.e., whether the use of the word "exclusive" in Article 5, Section 16(A)(2) of the Louisiana Constitution precludes removal of a case on the basis of diversity jurisdiction. Furthermore, the court in that case held that the federal court had no subject-matter jurisdiction because the lawsuit did not present an actual case or controversy. Therefore, it did not resolve the question now before this Court. However, the *Lucas* court did say that "[q]uestions involving the title and possession of real estate must be decided under state law and in a state court if no Federal or constitutional question

7

is involved,"[15] and further found that "[t]here is no Federal or constitutional question in this case."[16]  In that case, however, the court did not consider whether the action could be removed on the basis of diversity.  Therefore, it does not support the plaintiffs' argument that a state constitutional provision governs federal-court diversity jurisdiction.

There is a case almost directly on point, *McFarland v. St. Bernard Parish Council*, No. 94-860, 1994 WL 320998 (E.D. La. June 28, 1994).  There, the plaintiff sued the St. Bernard Parish governing bodies for breach of a contract to lease her property.  The court denied the defendants' motion to dismiss for lack of subject-matter jurisdiction, and St. Bernard Parish requested reconsideration of that order.  Although it does not appear to have been a case involving removal to federal court, the parish argued exactly what the plaintiffs in this case are now arguing, i.e., that Article 5, Section 16(A)(2) of the state constitution grants exclusive original jurisdiction over the case to Louisiana state courts and thereby bars federal court diversity jurisdiction.  The court disagreed with that argument for reasons that this Court finds persuasive.

---

[15]    *Lucas v. Hope*, 515 F.2d at 236.

[16]    *Lucas v. Hope*, 515 F.2d at 236.

The court quoted the United States Supreme Court's statement that

the judicial power of the United States as created by the Constitution and provided for by Congress pursuant to its constitutional authority is a power wholly independent of state action, and which therefore the several states may not by any exertion of authority in any form. . . destroy, abridge, limit or render inefficacious.  The doctrine is so elementary as to require no citation of authority to sustain it.[17]

The court then interpreted the cited constitutional provision as giving exclusive original jurisdiction over certain subjects to state district courts "barring jurisdiction by other state adjudicatory bodies or courts."[18]  The court then concluded that the constitutional provision "cannot prevent a foreign plaintiff from suing. . . in federal district court when the requirements of diversity jurisdiction are properly met."[19] This Court agrees.

This Court interprets the constitutional provision as requiring suits involving title to immovable property to be filed in a state district court rather than in any other court created under Louisiana law[20] but finds no statutory or jurisprudential authority for the proposition that a suit involving title to immovable property located in

---

[17]    *Harrison v. St. Louis & S.F.R. Co.*, 232 U.S. 318, 328 (1908).

[18]    *McFarland v. St. Bernard Parish Council*, 1994 WL 320998, at *2.

[19]    *McFarland v. St. Bernard Parish Council*, 1994 WL 320998, at *2.

[20]    See *Parish of Jefferson v. Paciera*, 483 So.2d 646 (La. App. 5 Cir. 1986), aff'd 496 So.2d 266 (La. 1986) (finding that the district court had jurisdiction while the parish court did not).

9

Louisiana cannot be removed to federal court if the parties are diverse and the amount in controversy exceeds the jurisdictional threshold.

This conclusion is consistent with that reached in *Quintana v. ADC Telecommunications, Inc.*, No. EP-09-CV-0110-KC, 2009 WL 2382981 (W.D. Tex. July 31, 2009). In that case, Mr. Quintana filed a lawsuit in Texas against his former employer, ADC, alleging that he was discriminated against on the basis of his national origin in violation of the New Mexico Human Rights Act. ADC removed the case to federal court on the basis of diversity jurisdiction. Interestingly, ADC then argued that an exclusivity clause in the New Mexico statute required the suit to have been brought in New Mexico while Mr. Quintana argued that the New Mexico legislature could not deprive the Texas federal court of its diversity jurisdiction. The court agreed with Mr. Quintana, and concluded that a state statute cannot deprive a federal court of subject-matter jurisdiction.[21]

A similar result was reached in *TBK Partners, Ltd.*, 517 F.Supp. 380 (S.D. N.Y. 1981). There, objections to a settlement agreement were based on a New York statute that conferred exclusive jurisdiction on "the Supreme Court for the judicial district wherein the corporation's offices are located."[22] The court rejected the objection, noting that a "state-created claim, as a general matter 'cannot be

---

[21]    *Quintana v. ADC Telecommunications, Inc.*, 2009 WL 2382981, at *4.

[22]    *TBK Partners, Ltd.*, 517 F.Supp. at 388.

withdrawn from the cognizance of such Federal Court by any provision of state legislation that it shall only be enforced in a State Court.'"[23]

As expressly stated in 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over all civil actions in which the amount in controversy exceeds $75,000 and the parties are diverse in citizenship.  Therefore, this federal district court had original jurisdiction over the plaintiffs' civil action against Columbia Gulf. Furthermore, as noted by the Fifth Circuit, "[t]he jurisdiction of a United States District Court cannot be created, increased or diminished by (i) agreement or stipulation of the parties, (ii) an act of any state legislature nor (iii) by any decision of a State Supreme Court."[24]  Therefore, the referenced provision in the Louisiana state constitution cannot deprive a federal court of its diversity jurisdiction.

Accordingly, this Court finds that, in this case, the Louisiana Constitution's use of the word "exclusive" in Article 5, Section 16(A)(2) cannot be interpreted as depriving this federal court of subject-matter jurisdiction based on the parties' diversity of citizenship.  Instead, the use of the word "exclusive" in that constitutional provision must be interpreted as precluding jurisdiction over cases involving title to immovable property in other state adjudicatory bodies and courts.

---

[23]    *TBK Partners, Ltd*., 517 F.Supp. at 388 (quoting *Railway Co. v. Witton's Administrator*, 80 U.S. (13 Wall) 270, 285, 20 L.Ed. 571 (1872).

[24]    *Labiche v. Louisiana Patients' Compensation Fund Oversight Bd*., 69 F.3d 21, 22 (5th Cir. 1995).

Columbia Gulf also contends that the plaintiffs' claims do not fall within the scope of the cited constitutional provision because they sound in tort rather than articulating one of the three real actions addressed in the Louisiana Code of Civil Procedure, i.e., the petitory action, the possessory action, and the boundary action.[25] This Court finds that Columbia Gulf's reading of the statute is too narrow. Article 5, Section 16(A)(2) does not expressly reference the three real actions nor does it limit its scope to those three actions. Instead, it expressly applies to "cases *involving* title to immovable property." As Columbia Gulf admitted in its briefing, although a trespass action is not one of the three real actions, the ownership or possession of real property may be at issue in a trespass action.[26] Thus, a trespass action may "involve" title to immovable property without requiring that the ownership or possession of immovable property be definitively determined. Accordingly, this Court finds that Columbia Gulf's second and alternative argument lacks merit.

## Conclusion

For the reasons fully explained above, this Court RECOMMENDS that the plaintiffs' motion to remand be DENIED.

---

[25]    Louisiana Code of Civil Procedure Articles 3651 through 3693.

[26]    *Chauvin v. Shell Oil Company*, 16-609 (La. App. 5 Cir. 10/25/17), 231 So.3d 903, 907 ("In an action for trespass, title to the land is the pivotal issue.").

Signed at Lafayette, Louisiana, this 30th day of August 2018.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE