UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| KELLY PRECHT AND FLAVIA PRECHT | CIVIL ACTION NO. 2:18-cv-00853 |
|---|---|
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| COLUMBIA GULF TRANSMISSION, LLC | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before the court is the motion to amend the complaint, which was filed by the plaintiffs, Kelly Precht and Flavia Precht. (Rec. Doc. 24). The motion is opposed. (Rec. Doc. 26). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## Background

This case started in the 14th Judicial District Court, Calcasieu Parish, Louisiana and was removed to this forum under 28 U.S.C. § 1332. The plaintiffs filed a motion to remand the action back to state court, but that motion was denied. Now, the plaintiffs are seeking to amend their complaint to add an additional defendant that would destroy diversity and require remand.

The plaintiffs, Kelly Precht and Flavia Precht, alleged in their original petition for damages that they lease land from the Stone Family, LLC for the purpose of grazing cattle, farming, and crawfishing. They further alleged that, after their lease

was in effect, the Stone Family, LLC executed a right-of-way agreement, covering the same property and permitting defendant Columbia Gulf Transmission, LLC to construct a pipeline traversing the property. That agreement allegedly required Columbia Gulf to replace and restore the area disturbed by the laying, construction, operation, replacement, or maintenance of pipelines to a condition as near as practical to the property's original condition and also to pay for any damage to marketable timber, crops, approved fences, and approved tile drains.

The plaintiffs alleged that Columbia Gulf did not enter into a similar right-of-way agreement with them. They further alleged that Columbia Gulf trespassed on the property that the Prechts lease and constructed a pipeline through their leased premises without regard for their crops, constructions, or possessions. The plaintiffs further alleged that they sustained damages due to Columbia Gulf's activities including damage to agricultural crops growing on the property, the cost of restoring farm infrastructure, past and future crop damage, losses due to the change in crop prices, losses due to a change in the yield per acre, and loss of crawfish income. The plaintiffs alleged that, despite amicable demand, Columbia Gulf did not honor their leasehold rights. The plaintiffs therefore sought to recover for their pecuniary and nonpecuniary damages plus attorneys' fees and court costs.

In their proposed amending complaint, the plaintiffs seek to add Stone Family, LLC as a defendant.

2

## Law and Analysis

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1] Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4] "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[5] The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[6]

---

[1] See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and CVS. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

[4] *Howery v. Allstate*, 243 F.3d at 916.

[5] *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

[6] *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In its removal notice, Columbia Gulf established that the prerequisites for federal-court jurisdiction under 28 U.S.C. § 1332 were satisfied with regard to the parties in the lawsuit at that time. However, adding Stone Family, LLC as a defendant in the suit would destroy diversity.

It has already been established that the plaintiffs are citizens of Louisiana and that Columbia Gulf is a citizen of Delaware and Texas. Accordingly, those parties are diverse. The plaintiffs alleged that Stone Family, LLC is a limited liability company. A limited liability company is a citizen of every state in which any member of the company is a citizen,[7] and the citizenship of an LLC is determined by the citizenship of all of its members.[8] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[9] If any member is not diverse, the limited liability company is not diverse. The plaintiffs alleged that the members of Stone Family,

---

[7] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[8] *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf*, 542 F.3d at 1080.

[9] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members). See also *Wright v. JPMorgan Chase Bank, NA*, No. 09-cv-0482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

LLC are George Stone, who is domiciled in North Carolina, and Donna Welch, who is domiciled in Louisiana. Because the citizenship of a natural person is determined by the state in which he or she is domiciled,[10] Mr. Stone is a North Carolina citizen and Ms. Welch is a Louisiana citizen. Consequently, Stone Family, LLC is also a Louisiana citizen, and Stone Family, LLC is not diverse in citizenship from the plaintiffs. Therefore, if the amendment were permitted, this suit would have to be remanded to state court.

Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires." In removed cases, however, a district court has discretion to either grant or deny the amendment of a complaint when subject-matter jurisdiction is based on diversity and the plaintiff seeks to amend the complaint to add a nondiverse party.[11] Thus, when faced with a motion to amend a complaint to add a nondiverse defendant in a removed case, federal courts are required to scrutinize the proposed amendment more closely than they would other proposed amendments.[12] Deciding whether to permit an amendment that would destroy the court's subject-matter

---

[10] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[11] 28 U.S.C. § 1447(e); *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, *2 (E.D. La. 2005) (citing *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D. La. 1997)). See also *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476 (5th Cir. 2001).

[12] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

5

jurisdiction requires a balancing of the diverse defendant's interest in retaining the federal forum with the plaintiff's competing interests.[13] In such a situation, "the court may deny joinder, or permit joinder and remand the action to the State court,"[14] and "[t]he decision between these two options rests squarely within the discretion of the district court."[15]

In *Hensgens v. Deere & Co.*, the Fifth Circuit identified four factors that should be considered in deciding whether to permit such an amendment: (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities.[16] Each factor will be addressed in turn.

In analyzing the first *Hensgens* factor, courts consider whether the plaintiff knew the identity of the non-diverse defendant when the state court complaint was filed and whether the plaintiff has stated a valid claim against the nondiverse

---

[13] *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

[14] 28 U.S.C. § 1447(e).

[15] *Martinez v. Holzknecht*, 701 F.Supp.2d 886, 888-89 (S.D. Tex. 2010). See, also, *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

[16] *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

defendant.[17] A plaintiff's possession of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity.[18] But when the plaintiff knew the nondiverse defendant's identity when the lawsuit was originally filed in state court but did not name him as a defendant, this suggests that the motion to amend was intended to frustrate diversity jurisdiction.[19]

In this case, the plaintiffs were aware of Stone Family, LLC when they initiated this lawsuit in state court and actually mentioned Stone Family, LLC in their original petition. This suggests that the plaintiffs are seeking to name Stone Family, LLC at this time in an effort to avoid federal-court jurisdiction. The plaintiffs have not alleged any damages resulting solely from the independent actions of Stone Family, LLC. The only allegation in the proposed amended petition directed at Stone Family, LLC is that it "allowed a pipeline to be constructed through plaintiffs' leased premises without regard for plaintiffs' crops, constructions[,] and possessions." (Rec. Doc. 24-4 at 4). This is nothing new; it merely merges two separate allegations from the original petition. In the original petition, the plaintiffs

---

[17] See, e.g., *Fontenot v. Johnson & Johnson*, No. 10-CV-162, 2012 WL 2064722, at *4 (W.D. La. Apr. 13, 2012), *report and recommendations adopted*, 2012 WL 2064848 (W.D. La. June 5, 2012); *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726 (S.D. Tex. 2016).

[18] See *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) ("the plaintiff had a valid cause of action against the DOTD, so the principal purpose of the amendment was not to defeat federal jurisdiction.").

[19] *Martinez v. Holzknecht*, 701 F.Supp.2d at 889 (collecting cases).

7

alleged that a right-of-way agreement was executed by Stone Family, LLC and Columbia Gulf (Rec. Doc. 102 at 1) and that, acting pursuant to that agreement, Columbia Gulf "constructed a pipeline through plaintiffs' leased premises without regard for plaintiffs' crops, constructions[,] and possessions." (Rec. Doc. 1-2 at 3). The plaintiffs did not allege that they were damaged when Stone Family, LLC executed the right-of-way agreement. Instead, they alleged that they were damaged when Columbia Gulf undertook activities on the property pursuant to the right-of-way agreement. When the plaintiffs filed their original petition, they were aware of the existence of Stone Family, LLC and they were also aware of the role that Stone Family, LLC played with regard to the actions that allegedly caused their damages. Presumably, the plaintiffs consciously chose not to sue Stone Family, LLC at that time. Thus, this Court finds that the plaintiffs' decision to seek to amend their complaint to sue Stone Family, LLC now is an attempt to avoid litigating their claim against Columbia Gulf in federal court. The first *Hensgens* factor therefore weighs against granting the motion to amend.

In analyzing the second *Hensgens* factor, courts often examine the amount of time between the initiation of the original state court action and the filing of the motion to amend as well as the amount of time between removal of the case to

federal court and the filing of the motion to amend.[20]  In general, a plaintiff is not dilatory in seeking to amend his complaint if the trial has not yet been scheduled and no significant activity beyond the pleading stage has occurred.[21]  The analysis is different, however, when the proposed amendment would add a nondiverse defendant after removal and therefore defeat diversity jurisdiction.  In that situation, a delay in making the request to amend of two months after filing the original complaint or thirty days after the notice of removal has been found dilatory.[22]

In this case, the suit was originally filed in state court in May 2018, it was removed in June, the plaintiffs filed their motion to remand in July, this Court recommended denying the motion to remand in August, the recommendation was adopted by the district court in September, and on the same day that the judgment denying remand was filed, the plaintiffs filed the instant motion to amend.  There is no indication of bad faith or dilatory motive on the plaintiffs' part, but the timing of

---

[20]    *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726-27 (S.D. Tex. 2016).

[21]    *Gallegos v. Safeco Ins. Co. of Indiana*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

[22]    *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001).  See, also, e.g., *Tharpe v. Affinion Benefits Group, LLC*, No. B-18-22, 2018 WL 3352940, at *5 (S.D. Tex. May 22, 2018), report and recommendation adopted, 2018 WL 3348885 (S.D. Tex. July 9, 2018) (finding a dilatory delay when the amendment was filed more than two months after removal); see also *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. 15–CV–19, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015) (noting that courts have found similar delays dilatory, especially where the plaintiff knew of the nondiverse defendant's role in the case at the time of filing in state court and yet failed to sue that defendant).

9

the motion to amend suggests that the proposed amendment was a reaction to and designed to defeat the court's denial of the plaintiff's motion to remand. Indeed, the memorandum in support of the motion to amend was erroneously titled "memorandum in support of *remand* pursuant to Local Rule 7.6" (Rec. Doc. 24-1 at 1 [emphasis added]) even though Local Rule 7.6 addresses motions to amend pleadings. In support of the motion to amend, the plaintiffs contended that Stone Family, LLC is a necessary party to the litigation, but they made no effort to add them to the lawsuit until after the court denied their motion to remand. The second *Hensgens* factor therefore weighs against granting the motion to amend.

The third *Hensgens* factor is whether the plaintiff will be significantly injured if the amendment is not allowed. In analyzing this factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment."[23] Therefore, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment."[24] Considerations of cost, judicial efficiency, and potentially inconsistent results are also relevant in evaluating this factor.[25]

---

[23] *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (citation omitted).

[24] *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *5.

[25] *Porter v. Times Group*, No. 16-121-JJB-RLC, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016), report and recommendation adopted, 2017 WL 628296 (M.D. La. Feb. 15, 2017).

Here, no dispute has been articulated concerning the originally-named defendant's ability to satisfy a judgment in the proposed defendant's absence. Because the proposed amended complaint does not differentiate between damages allegedly caused by Columbia Gulf and damages allegedly caused by Stone Family, LLC but instead alleges that all of the plaintiffs' damages were caused by the two defendants' combined actions, this Court anticipates that an issue will likely arise regarding how any damages awarded in the suit would be apportioned between the two defendants. Therefore, having all potentially responsible parties in the same proceeding would be an advantage for the plaintiffs. But it is not alleged that Stone Family, LLC caused any damages independent of the actions of Columbia Gulf. In other words, after Stone Family, LLC granted the right-of-way to Columbia Gulf, Columbia Gulf might have decided not to conduct any operations on the property subject to the right-of-way or Columbia Gulf might have conducted its operations in a way that did not damage the plaintiffs. Without the allegedly tortious actions of Columbia Gulf, there would be no basis for the lawsuit. This suggests that complete relief can be obtained without adding Stone Family, LLC to the suit.

Although the plaintiffs alleged that there is a lessor-lessee relationship between them and Stone Family, LLC, they did not allege that any provision of the lease was breached nor did they seek to enforce any provision of the lease. Similarly, they did not allege that Stone Family, LLC acting independently of Columbia Gulf

11

did anything that damaged the plaintiffs. In the event that the plaintiffs would assert a contract claim against Stone Family, LLC, such a claim could be resolved without involving Columbia Gulf. Therefore, there is no possibility of piecemeal litigation or inconsistent rulings with regard to the claim articulated in the plaintiff's petition if Stone Family, LLC is not made a party to this lawsuit. Because a judgment against Columbia Gulf in this lawsuit would provide the plaintiff with complete relief as to the claims asserted by the plaintiffs even without the inclusion of Stone Family, LLC in the lawsuit, this Court finds that the third factor does not favor granting the motion to amend.

Under the fourth *Hensgens* factor, a court must consider any other factors bearing on the equities. "Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and. . . result in parallel state court proceedings. . . these factors are likely to be present whenever a plaintiff in a removed case seeks to add a nondiverse defendant."[26] One of the parties to the suit will not be able to litigate in its chosen forum, but this Court finds that neither party would be unduly prejudiced thereby. Both the state court where the suit originated and the federal forum are capable of resolving the issues presented in the lawsuit. Furthermore, this litigation remains in an early stage, with

---

[26] *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570 at *5 (internal citations omitted).

very little motion practice accomplished and a trial date more than a year away. Balancing Columbia Gulf's interest in maintaining a federal forum with the plaintiffs' competing interest in litigating in their chosen state-court forum, the final factor is neutral.

Accordingly, this Court finds, after balancing the relevant concerns of the parties in light of the analysis required by the Fifth Circuit, that the better course of action would be to deny the plaintiffs' motion and proceed with the litigation of this lawsuit against Columbia Gulf in this forum.

## **Conclusion**

For the reasons fully explained above,

IT IS ORDERED that the plaintiffs' motion to amend their complaint (Rec. Doc. 24) is DENIED.

IT IS FURTHER ORDERED that the oral argument on the plaintiffs' motion to amend their complaint, which was previously scheduled for November 29, 2018, is CANCELLED.

Signed at Lafayette, Louisiana, this 29th day of October 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

13