UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KELLY PRECHT, ET AL.** | **CASE NO. 2:18-CV-00853** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COLUMBIA GULF TRANSMISSION LLC** | **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 56] filed by defendant Columbia Gulf Transmission LLC ("Columbia"). Plaintiffs Flavia and Kelly Precht oppose the motion, which is now ripe for review.

### I.
#### BACKGROUND

This matter began as a suit for damages filed under state law by the Prechts in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana. Doc. 1, att. 2. The Prechts allege that they had a farming lease over three tracts of land owned by Stone Family, LLC ("Stone"), which began as a verbal agreement in 2014. A written lease was entered in January 2017. *See* doc. 56, att. 3, pp. 43–44. Stone entered into a Right of Way Agreement ("ROWA") with Columbia in October 2014, for Columbia's installation of a natural gas pipeline through that land.[1] Doc. 35, att. 5; *see* doc. 1, att. 2, ¶ 3. Construction of the pipeline and restoration of the surrounding area lasted from December 2016 to May 5,

---

[1] Columbia became aware of the Prechts' agricultural operations on the land by at least October 2016, when its agent met with plaintiff Kelly Precht about its impact on the latter's rice farming plans. *See* doc. 43, att. 2, p. 10. Plaintiffs maintain that this awareness came by October 2014, before the ROWA or associated release of claims was executed. *See* doc. 50, p. 1 & n. 1 (memorandum ruling on prior motions for summary judgment).

-1-

2018. Doc. 35, att. 3, ¶¶ 18–20. The Prechts then filed suit against Columbia in state court on May 18, 2018, seeking equitable and monetary relief as third-party beneficiaries to the ROWA based on damages that Columbia allegedly caused to their farming operations.[2] Doc. 1, att. 2.

The case was removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Columbia now moves for summary judgment on the issue that plaintiffs' claims for economic damages must be measured according to their prior net farming income as reported to the IRS. It also argues that the estimates used by plaintiffs' expert, Earl Garber, are grossly inflated because Garber fails to deduct all reportable expenses. Doc. 56. Plaintiffs oppose the motion, noting that Garber will be supplementing his report and asserting that there is no bright-line rule on the measurement of crop damages. Doc. 60.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go

---
[2] The Prechts also brought a claim of civil trespass, but the court dismissed it on a prior motion for summary judgment based on their inability to establish ownership over the land or crops at issue. *See* docs. 50, 51.

beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Claims for lost wages are usually calculated based on gross rather than net income. *E.g.*, *McIntosh v. McElveen*, 893 So.2d 986, 995 (La. Ct. App. 3d Cir. 2005). Where, however, the plaintiff is "not a wage earner but . . . a self-employed business person who has considerable expenses involved in producing that income," Louisiana courts recognize that certain deductions must be taken into account to more accurately reflect the loss. *See, e.g.*, *Nolan v. Jefferson Downs, Inc.*, 592 So.2d 831, 841–42 (La. Ct. App. 5th Cir. 1991).

To this end a plaintiff's net taxable income, as reported to the IRS, may provide an appropriate measure. *Id.*

The trial court, however, has broad discretion in selecting a method for calculating damages to crops and in the assessment of damages generally. *Lanie Farms, Inc. v. Cleco Power, LLC*, 259 So.3d 414, 418–19 (La. Ct. App. 3d Cir. 2018). While Louisiana circuit courts have approved of taxable income as one method for determining the appropriate net income, Columbia provides no authority showing that it is the only appropriate measure. In this matter, plaintiffs appear to concede that some deductions must be made from their gross farming income and will offer a supplemental report from their expert. Their expert has also admitted that the report should be revised to account for relevant expenses. Doc. 56, att. 4, p. 74. To the extent the new calculations still fail to reflect their true losses, Columbia may challenge the expert's methodology through a *Daubert* motion or at trial.

### IV.
### CONCLUSION

For the reasons stated above, Columbia's Motion for Partial Summary Judgment [doc. 56] will be denied.

**THUS DONE AND SIGNED** in Chambers on this 3rd day of March, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**